UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 23-12121 (SKK) |
| | ) | |
| ASHLEY L. HILL, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge: SUZANA KRSTEVSKI KOCH |
| | ) | |
| ROBERT D. BARR, | ) | Adversary Proceeding No. 23- |
| TRUSTEE IN BANKRUPTCY, | ) | |
| 1111 Superior Avenue East, Suite 1360 | ) | |
| Cleveland, Ohio 44114 | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| NATIONWIDE LIFE INSURANCE CO. | ) | |
| c/o Corporate Service Company, | ) | |
|    Statutory Agent | ) | |
| One Nationwide Plaza | ) | |
| Service of Process 1-30-405 | ) | |
| Columbus, Ohio 43215 | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR TURNOVER OF PROPERTY OF THE BANKRUPTCY ESTATE**
**(Payments to Debtor Pursuant to Annuity Administered by Nationwide Life Insurance Co.)**
**PURSUANT TO 11 U.S.C. §§ 541, 542 AND 543**

The Plaintiff, Robert D. Barr, the Trustee herein, respectfully represents to the Court as follows:

1. This proceeding relates to the chapter 7 case of *In re Ashley L. Hill*, Case No. 23-12121 (SKK) pending in the United States Bankruptcy Court for the Northern District of Ohio, Eastern Division; and jurisdiction of the within proceeding is vested in this Court by virtue of the provisions of 28 U.S.C. § 157 as enacted and effective on July 10, 1984, as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Local General Order No. 2012-7 entered on

April 4, 2012 by the United States District Court for the Northern District of Ohio, and pursuant to 28 U.S.C. § 1334 as amended, in that the matters hereinafter alleged as the complaint of Plaintiff are core proceedings within the core matter jurisdiction of this Court under 28 U.S.C. §§ 157(b)(2)(A), (B), (E) and (O), relating among other things to the turnover of property of the estate pursuant to 11 U.S.C. §§ 542 and 543.

2. Plaintiff, Robert D. Barr, is the Trustee (the "Trustee") in the bankruptcy case of Ashley L. Hill (the "Debtor"), which case was commenced by the filing of a voluntary petition for relief under chapter 7 of the Bankruptcy Code on June 26, 2023 (the "Debtor's Case" or "Debtor's Main Case").

3. The claims asserted and the relief sought by the Trustee in the within adversary proceeding are core proceedings. To the extent, if any, such claims or relief sought may be determined not to be core proceedings, the Trustee consents to the entry of final orders or judgments by the Bankruptcy Judge.

4. As of the time of the commencement of the Debtor's Case, the Debtor was a beneficiary of, and entitled to receive payments arising from, an annuity administered by Defendant, Nationwide Life Insurance Company ("Nationwide"). The annuity is designated as Annuity Contract No. 1999999/6139135 for the benefit of Ashley Foster aka Ashley L. Hill, the Debtor herein (the "Annuity").

5. Nationwide is the administrator and/or custodian of the Annuity, and is in control and/or custody of the Annuity and all funds therein.

6. Under the terms of the Annuity contract, the Debtor is entitled to receive monthly payments of $263.10 each, through and until February 1, 2028.

2

7. The Debtor's entitlement to receive the monthly payments under the Annuity, and all funds to be paid to the Debtor after the commencement of the Debtor's Case (the "Annuity Payments"), is/are property of the bankruptcy estate pursuant to 11 U.S.C. § 541.

8. The Annuity Payments are not claimed as exempt by the Debtor, and are not exempt from attachment under applicable Ohio or federal law.

9. On September 15, 2023, in response to a motion of the Trustee, this Court entered an Order authorizing the examination of documents and records of Nationwide relating to the Annuity, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "2004 Order"). *See* Docket No. 26 in the Debtor's Main Case. The Trustee's counsel thereafter served Nationwide with a Subpoena for Rule 2004 Examination on two separate occasions (jointly the "Subpoena"). *See* Docket Nos. 27 and 31 in the Debtor's Main Case. Nationwide has acknowledged receipt of the 2004 Order and Subpoena.

10. Nationwide subsequently complied with the 2004 Order and Subpoena by providing many of the requested documents.

11. On August 31, 2023, the Trustee, through counsel, sent a letter to Nationwide (a) identifying the Annuity, (b) providing notice of the Debtor's bankruptcy case, (c) notifying Nationwide of the bankruptcy estate's entitlement to the Annuity Payments as property of the bankruptcy estate, and (d) demanding that all additional Annuity Payments [otherwise entitled to be received by the Debtor] be directed and paid to the Trustee.

12. As of the present date, the Trustee has received no funds from Nationwide representing the Annuity Payments.

3

23-01083-skk    Doc 1    FILED 10/26/23    ENTERED 10/26/23 13:54:12    Page 3 of 5

13. Plaintiff, as Trustee, believes and therefore avers that Nationwide requires an Order from this Court prior to releasing and directing the Annuity Payments to the Trustee. The filing of this Adversary Proceeding is the appropriate procedure to obtain an Order of this Court directing the turnover of the Annuity Payments, pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

14. Nationwide should be ordered to turn over all Annuity Payments, otherwise entitled to be received by the Debtor, Ashley Foster aka Ashley L. Hill, to the Trustee, in accordance with the Trustee's duties.

15. All future Annuity Payment should be paid to "Robert D. Barr, Chapter 7 Trustee" with "Case No. 23-12121" noted thereon and sent to: Robert D. Barr, Chapter 7 Trustee, 1111 Superior Avenue East, Suite 1360, Cleveland, Ohio 44114.

16. To the extent a method or procedure exists to withdraw the Debtor's remaining funds due under the Annity Contract sooner than February 1, 2028, the Trustee further requests that any application for withdrawal be provided to the Trustee and completed as part of the final judgment in this Adversary Proceeding.

17. As property of the bankruptcy estate pursuant to 11 U.S.C. § 541, the proceeds of the Annuity owed to the Debtor, and all Annuity Payments to be received by the Debtor, should be turned over to the Trustee pursuant to 11 U.S.C. §§ 542 and 543.

18. The Trustee is entitled to a judgment, pursuant to 11 U.S.C. §§ 542 and 543, directing Nationwide to surrender and pay all Annuity Payment to the Trustee.

WHEREFORE, the Plaintiff, Robert D. Barr, Trustee, demands that a judgment be entered in his favor and against the Defendant, Nationwide Life Insurance Company, as follows:

A. Directing Nationwide to turn over and immediately commence making all Annuity Payments to the Trustee pursuant to 11 U.S.C. §§ 541, 542 and 543, in the amount of $263.01 per month pursuant to the Annuity contract; and

B. To the extent there is a method or procedure to withdraw the Debtor's remaining funds due under the Annity Contract sooner than February 1, 2028, the Trustee further requests that any application for withdrawal be provided to the Trustee and completed as part of the final judgment in this Adversary Proceeding; and

C. For such other and further relief as may be just and equitable in the premises.

Respectfully submitted,

*/s/ Robert D. Barr*
Robert D. Barr (#0067121)
KOEHLER FITZGERALD LLC
1111 Superior Avenue East, Suite 1360
Cleveland, Ohio 44114
Phone: (216) 744-2739
Fax: (216) 916-4369
Email: rbarr@koehler.law

Attorney for the Plaintiff,
Robert D. Barr, Trustee